**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RENE TORRES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-20-CV-00149-DCG-ATB** |
| | § | |
| **DAVID CAMACHO,** | § | |
| **Defendant.** | § | |

<u>**REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE**</u>

On this day, the Court considered "Defendant David Camacho's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint and Demand for Jury Trial," filed by Defendant David Camacho ("Camacho") on March 11, 2021. (ECF No. 24). The matter was referred to this Court pursuant to the Standing Order referring prisoner civil rights cases to United States Magistrate Judges.

For the reasons set forth below, the Court **RECOMMENDS** that Defendant's Motion be **GRANTED**, as set forth herein.

## I.  BACKGROUND

### a.  Procedural Background

Plaintiff Rene Torres ("Torres"), proceeding *pro se* and *in forma pauperis*, filed his Complaint on May 28, 2020, alleging claims against multiple Defendants surrounding Torres's arrest in 2018. (ECF No. 3). After a Report and Recommendation from this Court (ECF No. 9), the District Court dismissed all of Torres's claims on February 8, 2021, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), except for Torres's claims against Camacho. (ECF No. 14, p. 3-4). On March 11, 2021, Camacho filed the instant Motion seeking the dismissal of Torres's Complaint. (ECF No. 24).

1

On April 21, 2021, the Court ordered Camacho to supplement the record.  (ECF No. 27).

Camacho filed his "Defendant David Camacho's Supplement to Record" on April 23, 2021.  (ECF

No. 29).  To date, Camacho's Motion remains unopposed as Torres has not filed a response.

> **b.**     **Factual Background[1]**

Torres is currently in the custody of the Texas Department of Criminal Justice ("TDCJ")

and is incarcerated at the Lindsey Unit in Jacksboro, Texas.  (ECF No. 3, p. 1).  In his Complaint,

Torres alleges that on August 18, 2018, he found "Amber Mena deceased at her trailer home . . .

in El Paso, Texas."  (*Id.* at 4).  Upon discovering Amber Mena, Torres "called 911 and reported

it."  (*Id.*).

Torres contends that Amber Mena's mother "told the detectives that she thought [Torres] .

. . killed her daughter.  (*Id.*).  In Torres's Supplement to his Complaint, Torres expands on his

contentions.  According to Torres's Supplement, on February 5, 2019, a detective from the Auto

Theft unit of the El Paso Police Department ("EPPD") told Torres to come to the police station to

identify his car.  (ECF No. 8, p. 2).  After identifying his car, Torres "was approached by detective[]

David Camacho and . . . transported to [EPPD] Homicide Division."  (*Id.*).  "After two hours of

interrogation[, Torres] was arrested" for the murder of Amber Mena.  (*Id.*).

The murder charge was eventually declined by the District Attorney and the charges were

dropped.  (*Id.* at 7).  Based upon the investigation, arrest, and subsequent news coverage of the

investigation, Torres contends that he "suffer[s] from PTSD[,] anxiety, Bi-polar depression, and

[is] permanently damaged mentally and emotionally."  (*Id.*).

---

[1] While recounting the factual background, the Court addresses only the facts relevant to the immediate Report and Recommendation.

In his Complaint, Torres alleges that Camacho harassed him, followed him, interrogated him, tried to make him confess to a murder that he did not commit, and subsequently arrested him. (ECF No. 3, p. 4).

## II.   LEGAL STANDARDS

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint when a defendant shows that the plaintiff has failed to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter contained in the compliant must allege actual facts, not legal conclusions masquerading as facts.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").

To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief."  *Gregson v. Zurich Am. Co.*, 322 F.3d 833, 885 (5th Cir. 2003) (citation omitted).  A complaint states a "plausible claim for relief" when the factual allegations contained therein infer actual misconduct on the part of the defendant, not a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.  The complaint "'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Furthermore, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, even a *pro se* complaint may not merely set forth conclusory allegations. The *pro se* litigant must still set forth facts giving rise to a claim on which relief may be granted. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) (citation omitted).

## III.   ANALYSIS

In his Complaint, Torres alleges that Camacho "[h]arrased me, wrongly interrogated me trying to make me confess to a murder I didn[']t commit[], [and] falsly [sic] arrested me for murder." (ECF No. 3, p. 3).[2] Further, in his Supplement, Torres additionally asserts that he was falsely arrested due to "the negligence of the improper police investigation by [Camacho]" and that "[t]he El Paso Police Department, and all other Defendants in this case are liable for violating [Torres's] 8th Amendment right of Due Process." (ECF No. 8, p. 4, 8).

In his Motion, Camacho argues that Torres's Complaint "neither articulates any plausible claims nor provides any relevant facts relating thereto[,and t]he Complaint further fails to make any factual allegations as to how [Torres's] constitutional rights were violated, how Officer Camacho was allegedly personally involved or what his purported injuries are." (ECF No. 24, p. 4). The Court will address each of Torres's claims in turn.

### a.   Torres Fails to State a Claim for False Arrest

In his Complaint, Torres asserts that Camacho "falsly [sic] arrested [Torres] for murder." (ECF No. 3, p. 3).

---

[2] Torres also alleges that Camacho "defamed my character." (ECF No. 3, p. 3). However, as this Court held in its previous Report and Recommendation, "[D]efamation is not a federal constitutional tort cognizable in an action brought pursuant to 42 U.S.C. § 1983." (ECF No. 9, p. 11) (quoting *Davis v. Myers*, Civ. A. No. 08- 4492, 2008 WL 4747424, at *2 (E.D. La. Oct. 17, 2008)) (alteration in original).

"A constitutional claim for false arrest . . . 'requires a showing of no probable cause.'" *Arizmendi v. Gabbert*, 919 F.3d 891, 897 (5th Cir. 2019), cert. denied, 140 S. Ct. 220 (2019) (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009)). "Probable cause is established by 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Arizmendi*, 919 F.3d at 897 (quoting *Hilton*, 568 F.3d at 204). "If there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails." *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (quoting *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)) (alterations in original).

Furthermore, the Fifth Circuit has held that "[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *McLin v. Ard*, 866 F.3d 682, 689 (5th Cir. 2017) (quoting *Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009)); *see also Cuadra v. Houston Ind. School Dist.*, 626 F.3d 808, 813 (5th Cir. 2010); *Maier v. Green*, 485 F. Supp. 2d 711, 718 (W.D. La. 2007) ("Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest.") (citation omitted).

"Undisputed evidence that an arrest was effectuated under a facially valid arrest warrant satisfies the Fourth Amendment prerequisites and forecloses a § 1983 claim for false arrest." *Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 652 (S.D. Tex. 2000). "Where an arrest is made under authority of a properly issued warrant . . . [, s]uch an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Thomas v.*

*Sams*, 734 F.2d 185, 191 (5th Cir. 1984), cert. denied, 472 U.S. 1017 (1985) (quoting *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982), cert. denied, 459 U.S. 1005 (1983)).

Here, the Court finds that Camacho arrested Torres under the authority of a properly issued arrest warrant signed by an El Paso Criminal Law Magistrate.  (ECF No. 29, p. 4-8) ("Warrant of Arrest").[3]  Further, Torres has not alleged that the Magistrate's finding of probable cause was in any way tainted by the actions of Camacho.  *See McLin*, 866 F.3d at 689 ("'[T]he initiating party may be liable for false arrest,' however, 'if the plaintiff shows that the deliberations of that intermediary were in some way tainted by the actions of the defendant.'") (quoting *Deville*, 567 F.3d at 170) (alterations in original) (internal quotes omitted).  Therefore, the Court finds that Camacho's arrest was supported by probable cause and was effectuated under a valid arrest warrant issued by an El Paso Criminal Law Magistrate who independently found probable cause. Accordingly, the Court recommends that Torres's claim of false arrest be dismissed.

**b.      Torres's Claim of Negligent Police Investigation is Not a Cognizable Claim**

In his Supplement, Torres alleges that he was falsely arrested due to "the negligence of the improper police investigation by [Camacho]."  (ECF No. 8, p. 4).  Camacho argues in his Motion

---

[3] When deciding a motion to dismiss for failure to state a claim, courts "normally . . . must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  However, a court may rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)); *see also Lovelace*, 78 F.3d at 1017-18 ("However, courts may also consider matters of which they may take judicial notice.") (citing Fed. R. Evid. 201(f) advisory committee's note ("Judicial notice may be taken at any stage of the proceeding.")).

Pursuant to Federal Rule of Evidence 201, this Court may take judicial notice on its own at any stage of the proceeding of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b).  Here, the Court takes judicial notice of the Warrant of Arrest attached to "Defendant David Camacho's Supplement to Record" (ECF No. 29, p. 4-8).  *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (holding that a court can take judicial notice of state court orders when deciding a motion to dismiss); *Causey v. Parish of Tangipahoa*, 167 F. Supp. 2d 898, 906 (E.D. La. 2001) (taking judicial notice of arrest warrant attached to defendant's motion to dismiss plaintiff's section 1983 claim alleging false arrest).

that "a negligence claim against Camacho is not cognizable and should be dismissed with prejudice." (ECF No. 24, p. 8).

Negligent conduct alone does not amount to a cognizable § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) ("To hold that injury caused by [lack of due care] is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."). Instead, Torres must allege that he was deprived of a right guaranteed to him by the Constitution or other statute. *Id.* at 330 ("[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right . . . ."); *Thomas*, 734 F.2d at 190-91 ("The first prerequisite to recovery under § 1983 is proof that the plaintiff has been deprived of a right secured by the Constitution and laws of the United States.") (internal quotes omitted).

Further, the Supreme Court has continually held that a plaintiff must plead that his or her constitutional or statutory deprivation resulted from conduct that was intentional or due to deliberate indifference. *See, e.g.*, *Farmer v. Brenan*, 511 U.S. 825, 828-29 (1994) (holding that deliberate indifference is sufficient to establish a § 1983 claim); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials."); *Daniels*, 474 U.S. at 328 ("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original). Mere negligent police work does not rise to the level of a constitutional violation. *See, e.g.*, *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (where plaintiff "had no constitutional right to be protected from [a police officer's] merely negligent conclusion that she was the suspect who had sold him the crack cocaine."); *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989) (arresting

officers were not liable for mistaken arrest where, as a result of negligence, the plaintiff's name was submitted to grand jury instead of that of the suspect); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988) (where negligent detention following valid arrest was not actionable under section 1983).

Here, Torres has not pled any facts regarding the alleged "improper police investigation by [Camacho]" beyond the conclusory allegation that there was "negligence."  (ECF No. 8, p. 4).  Therefore, the Court finds that Torres has not pled more than a legal conclusion regarding his allegation that Camacho was negligent in his investigation.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").  Accordingly, the Court recommends that Torres's claim of negligent police investigation by Camacho be dismissed.

### c.      Torres Fails to State a Claim for Harassment or Wrongful Interrogation

Torres also asserts that Camacho "[h]arrased me [and] wrongly interrogated me trying to make me confess to a murder I did[']t commit[]." (ECF No. 3, p. 3).  Camacho argues that Torres's Complaint fails to identify how Torres was harassed while being interrogated.  (ECF No. 24, p. 6).

The Court finds that Torres's only assertion regarding the alleged harassment and wrongful interrogation was that the interrogation by Camacho lasted two hours.  (ECF No. 8, p. 2).  Torres never alleges that Camacho used any force during the interrogation.  *See* (*id.*).  Therefore, the Court turns to whether Camacho allegedly "harassed" and "wrongly interrogated" Torres through verbal or non-verbal communications during the interrogation.

The Fifth Circuit has held that verbal abuse or verbal threats by a police officer fail to constitute a constitutional violation cognizable under Section 1983.  *Collier v. City of Bossier City*,

Civ. A. No. 05-0795, 2007 WL 734737, at *7 (5th Cir. Mar. 6, 2007) (citing *Ganesan v. James*, 115 F. App'x 670, 672 (5th Cir. 2004) ("mere allegations of verbal abuse do not present an actionable § 1983 claim")); *see also Rhodes v. City of Homer*, Civ. A. 09-1115, 2010 WL 3613735, at *5 (W.D. La. Sept. 14, 2010). "Threats alone are not enough.  A section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation." *Lamar v. Steele*, 698 F.2d 1286, 1286 (5th Cir. 1983); *see also Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.").

Here, Torres has not pled any facts to suggest that Camacho "harassed" Torres in any way outside of normal questioning.  Furthermore, the Court finds that Torres has not pled more than a legal conclusion regarding his allegation that Camacho "wrongfully interrogated" Torres.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'").  Accordingly, the Court recommends Torres's claims regarding harassment and wrongful interrogation be dismissed.

### d.    Torres's Claims of Violation of Due Process are Not Applicable to Camacho

In his Motion, Camacho argues that Torres's "Eighth Amendment claim against Camacho is not cognizable and should be dismissed with prejudice" because "[t]he Eighth Amendment protections against cruel and unusual punishment are limited in scope to convicted prisoners and are not applicable to either arrestees or pretrial detainees."  (ECF No. 24, p. 7-8) (citing *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989); *Austin v. Johnson*, 328 F.3d 204, 210 n.10 (5th Cir. 2003)).

While the Court finds this an accurate statement of the law by Camacho, the Court finds that Torres's "Eighth Amendment" claim is instead a Fourteenth Amendment claim alleging a violation of Torres's due process rights.  In his Supplement to his Complaint, Torres asserts that "[t]he El Paso Police Department, and all other Defendants in this case are liable for violating my 8th Amendment *right of Due Process* . . . [as] applied to the states by the U.S. Supreme Court's interpretation of the Due Process and Equal Protection Clauses of the *Fourteenth Amendment*." (ECF No. 8, p. 8) (emphasis added).

However, the Court nonetheless finds that this claim is not applicable to Camacho.  In specifying his allegation, Torres asserts that "[w]hile in custody, I saw a news report on channel 7 KVIA, channel 4 KDBC, and channel 14 KFOX informing the public of my arrest for murder of Amber Mena.  My picture was posted on public television as well as the El Paso Times newspaper with an article stating the same charges of the murder of Amber Mena.  My character and reputation was [sic] defamed without due process."  (ECF No. 8, p. 5); *see also* (*id.* at 7) ("My character and reputation was [sic] defamed without due process.").  Therefore, the Court finds that Torres's Due Process Claims relate to claims against the already terminated news outlet Defendants regarding defamation.  *See* (ECF No. 9, p. 11) ("[D]efamation is not a federal constitutional tort cognizable in an action brought pursuant to 42 U.S.C. § 1983.") (alteration in original) (quoting *Davis v. Myers*, No. CIVA 08-4492, 2008 WL 4747424, at *2 (E.D. La. Oct. 17, 2008).  Accordingly, the Court finds Torres has not alleged a due process violation claim against Defendant Camacho.

### e.    Defendant Camacho is Entitled to Qualified Immunity

Defendant Camacho also "moves for dismissal of the claims against him based upon qualified immunity."  (ECF No. 24, p. 9).

Qualified immunity protects "state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Jackson v. City of Hearne, Texas*, 959 F.3d 194, 200 (5th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). "[L]ower courts have discretion to decide which of the two prongs of [the qualified immunity] analysis to tackle first." *Jackson*, 959 F.3d at 200 (quoting *Ashcroft*, 563 U.S. at 735). "The plaintiff has the burden of establishing a constitutional violation and overcoming a [qualified immunity] defense." *Jackson*, 959 F.3d at 201 (citing *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)). To meet this burden, "the plaintiff 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a [qualified immunity] defense with equal specificity.'" *Jackson*, 959 F.3d at 201 (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Jackson*, 959 F.3d at 200-01 (internal citation omitted) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Here, Torres alleges Camacho "[h]arrased me, wrongly interrogated me trying to make me confess to a murder I didn[']t commit[], [and] falsly [sic] arrested me for murder." (ECF No. 3, p. 3). However, as discussed above, Torres has failed to allege that Camacho violated any of Torres's constitutional rights. Therefore, the Court finds that Torres has not met his burden to overcome Camacho's qualified immunity defense. *See Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010) ("If we determine that no constitutional violation occurred, our [qualified

immunity] inquiry ends.").  Accordingly, the Court recommends Torres's complaint be dismissed based on qualified immunity.

    **f.**       **Torres Failed to Respond to Camacho's Motion to Dismiss**

The Court notes that Torres did not file a response to Camacho's Motion to Dismiss. Pursuant to Local Rule 7(e)(2), "[i]f there is no response [to a motion] filed within the time period prescribed by this rule, the court may grant the motion as unopposed."  W.D. Tex. Civ. R. 7(e)(2). Camacho filed his Motion to Dismiss on March 11, 2021.  (ECF No. 24).  Torres failed to file a response on or before March 25, 2021.  *See* W.D. Tex. Civ. R. 7(e)(2) ("A response to a dispositive motion shall be filed not later than 14 days after the filing of the motion.").  Accordingly, the Court finds that Torres has failed to file a timely response to Camacho's Motion to Dismiss, and therefore, the Court recommends that Camacho's Motion to Dismiss be granted as unopposed.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Torres has failed to state a claim upon which relief can be granted regarding his claims against Camacho for false arrest, negligent investigation, harassment, and wrongful interrogation.  Further, the Court finds that Torres has not responded to Camacho's Motion to Dismiss and as such that the Motion should be granted as unopposed.

Accordingly, the Court **RECOMMENDS** that "Defendant David Camacho's Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint and Demand for Jury Trial" be **GRANTED.**

    **SIGNED** and **ENTERED** this 12th day of May, 2021.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**

## **<u>NOTICE</u>**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS OF SERVICE OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW, EXCEPT UPON GROUNDS OF PLAIN ERROR, OF ANY UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT COURT.**