IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **RENE TORRES,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | EP-20-CV-149-DCG |
| § | | |
| **DAVID CAMACHO,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Rene Torres, proceeding pro se and in forma pauperis, brings a civil rights complaint pursuant to 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 3. His claims arise from his February 5, 2019 arrest for the murder of Amber Marie Mena-May. Id. at 3. He alleges David Camacho, an El Paso Police Department detective, harassed and "wrongly interrogated" him while attempting to obtain his confession. Id. He maintains Camacho then falsely arrested him for Mena-May's murder. Id. He seeks damages for "mental anguish, cruel and unusual punishment, defamation of character, [and] loss of his time and money and property." Id. at 4.

Camacho moves to dismiss Torres' claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. to Dismiss, ECF No. 24. He notes he arrested Torres only after he first obtained a warrant for the arrest from a magistrate. Def.'s Suppl. 2 and Ex. B (Warrant of Arrest), ECF No. 29. He argues the Court should, therefore, dismiss the false arrest claim based on the independent intermediary doctrine. Def.'s Mot. to Dismiss 5 (citing Cuadra v. Houston Ind. School Dist., 626 F.3d 808, 813 (5th Cir. 2010) ("'[I]f facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party.'") (quoting Taylor v. Gregg, 36 F.3d 453, 456 (5th Cir. 1994)). He maintains the harassment and wrongful interrogation "claims are . . . generalized, conclusory, and factually

unsupported," and "fail to constitute a constitutional violation cognizable under Section 1983." Id. at 6–7 (citing Ganesan v. James, 225 F. App'x 670, 672 (5th Cir. 2004) ("mere allegations of verbal abuse do not present an actionable § 1983 claim")). He observes "[a] plaintiff may not bring a Section 1983 action for a due process deprivation based only upon the negligent acts of state officials." Id. at 8 (citing Daniels v. Williams, 747 U.S. 327, 333 (1986) ("Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is constitutionally required.'") (quoting Parratt v. Taylor, 451 U.S. 527, 548 (1981)). He asserts an entitlement to qualified immunity. Id. at 5.

Rule 12(b)(6) allows a court to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When deciding a Rule 12(b)(6) motion to dismiss, a "court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff [but] may not look beyond the pleadings in ruling on the motion." Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996) (citing McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir.1992)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." In re S. Scrap Material Co., 541 F.3d 584, 587 (5th Cir. 2008) (quoting Twombly, 550 U.S. at 556).

The United States Magistrate Judge to whom the Court referred this matter recommends

that the Court grant Camacho's motion to dismiss. R. &. R. 1, ECF No. 30. See 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation). After reviewing the record, she finds that "Camacho arrested Torres under the authority of a properly issued arrest warrant." Id. at 6. She comments that "'[w]here an arrest is made under authority of a properly issued warrant [, s]uch an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim.'" Id. at 5–6 (quoting Thomas v. Sams, 734 F.2d 185, 191 (5th Cir. 1984)). She further finds that "Torres has not pled any facts to suggest that Camacho 'harassed' Torres in any way outside of normal questioning." Id. at 9. She also finds that "Torres has not pled more than a legal conclusion regarding his allegation that Camacho 'wrongfully interrogated' Torres." Id. (citing Iqbal, 556 U.S. at 678 quoting Twombly, 550 U.S. at 555) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"). She finally notes that Torres did not respond to Camacho's motion to dismiss. Id. at 12.

A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). After completing its review, the Court may accept, reject, or modify a report, in whole or in part. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The Magistrate Judge entered her report and recommendation on May 12, 2021. To date, a party has not submitted objections. See Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if objections are not raised in writing by the aggrieved party . . . after being served with a copy of the magistrate's report.").

After completing a plain-error review, the Court concludes that the Magistrate Judge's findings and conclusions are neither clearly erroneous nor contrary to law. Wilson, 864 F.2d at 1221. It further concludes that Torres has failed to plead enough facts to state a claim against Camacho that is plausible on its face. It therefore enters the following orders:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 30) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Camacho's "Rule 12(b)(6) Motion to Dismiss Plaintiff's Original Complaint" (ECF No. 24) is **GRANTED** and Torres's claims against Camacho in his "Civil Rights Complaint" (ECF No. 3) are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this ____4th____ day of August 2021.

_/s/ David C. Guaderrama_
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

4